UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

WILLIAM GONZALEZ, and all others
similarly situated under 29 U.S.C. 216(B),

    Plaintiff,

v.

U.S. PARKING, INC., a Florida corporation,
U.S. PARKING SERVICES, INC., a Florida
corporation, U.S. PARKING & ASSOCIATES,
INC., a Florida corporation, U.S. PARKING
LIMITED INC., a Florida corporation, U.S.
PARKING SYSTEMS, INC., a Florida
corporation, U.S. PARKING CONSULTANTS,
INC., a Florida corporation, and JOSEPH
PADOVANO, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, William Gonzalez ("Gonzalez"), on behalf of himself and all others similarly situated under the provisions of the Fair Labor Standard Act ("FLSA") of 1938, as amended, 29 U.S.C. § 216(b), files this Complaint against Defendants, U.S. Parking, Inc., U.S. Parking Services, Inc., U.S. Parking & Associates, Inc., U.S. Parking Limited Inc., U.S. Parking Systems, Inc., U.S. Parking Consultants, Inc., ("US Parking") and Joseph Padovano, individually ("Padovano") (collectively referred to as "Employer") and alleges, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiffs'

federal civil and statutory rights.

2. At all material times, US Parking is a Florida corporation, authorized to conduct and conducting business in Miami-Dade County, Florida.

3. At all material times, Plaintiff is and was a resident of Miami-Dade County, Florida.

4. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

5. This action is brought by Plaintiff to recover from the Employer unpaid minimum and overtime wage compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, §§ 206, 207, and the FMWA Fla. Stat. §448.110 and Fla. Const. Art. 10 § 24.

6. Upon information and belief, the annual gross revenue of US Parking was at all times material hereto in excess of $500,000.00 per annum.

7. At all material times hereto, US Parking was and continues to be an enterprise engaged in interstate commerce.

8. At all material times hereto, US Parking operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

9. As a result of the services provided by US Parking, two or more of its employees

regularly handled and worked with goods and materials moved in or produced in interstate commerce.

10. By reason of the foregoing, US Parking is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

11. Plaintiff and those similarly-situated employees, regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

## GENERAL ALLEGATIONS

12. Upon information and belief, Employer employed Plaintiff from approximately December, 2013 through June, 2015 ("the relevant time period").

13. During the relevant time period, Plaintiff was employed as a valet parking attendant, earning an average of $6.75 per hour.

14. Upon information and belief, Joseph Padovano ("Padovano") is an officer/director of US Parking and has economic control of US Parking, and of the nature and structure of Plaintiff's employment relationship with US Parking.

15. At all material times, US Parking's gross annual revenues were in excess of $500,000.00.

16. Throughout his employment with US Parking, Plaintiff worked an average of fifty six (56) hours per week, forty (40) regular hours and sixteen (16) overtime hours during the relevant time period.

17. Employer willfully and intentionally failed/refused to pay to Plaintiff the federally required overtime rate for the overtime hours he worked.

18. Employer knew of the overtime requirements of the Fair Labor Standards Act and willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance with the Fair Labor Standards Act.

19. As a result, Plaintiff has suffered damages and is entitled to receive overtime compensation.

20. Plaintiff has complied with all conditions precedent to filing this action.

21. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

### PRE-SUIT DEMAND

22. On June 19, 2015, Plaintiff through his undersigned counsel, sent to the Employer a written pre-suit demand regarding the violations of the overtime provisions of the FLSA, and requesting US Parking pay the amounts owed to Plaintiff, but US Parking failed/refused to do so ("Demand"). A copy of the Demand is attached as **"Exhibit A"**.

### COUNT I - VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA AGAINST U.S. PARKING, INC.

23. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-two (22) above.

24. This is a collective action against US Parking for overtime compensation pursuant to 29 U.S.C. § 216(B).

25. Upon information and belief, US Parking has employed and currently employs several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

26. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

27. US Parking knew or should have known that Plaintiff suffered or was permitted to work overtime for US Parking as defined in 29 U.S.C. § 203 (g).

28. US Parking failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

29. At all material times, US Parking knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

30. At all material times, US Parking failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

## COUNT II - VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA AGAINST JOSEPH PADOVANO

31. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-two (22) above.

32. This is a collective action against Padovano for overtime compensation pursuant to 29 U.S.C. § 216(B).

33. Upon information and belief, Padovano currently employs and has employed several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three years from the filing of this Complaint.

34. Defendant, Joseph Padovano, had operational control of Plaintiff and is therefore

an employer pursuant to 29 U.S.C. § 203(d).

35. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one half for all hours worked in excess of forty (40) hours per week.

36. Padovano knew or should have known that Plaintiff suffered or was permitted to work overtime for Employer as defined in 29 U.S.C. §203 (g).

37. Padovano failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. §207 (a).

38. At all material times, Padovano knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

39. At all material times, Padovano failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

### COUNT III-
### UNPAID WAGES PURSUANT TO FLORIDA COMMON LAW
### AGAINST U.S. PARKING, INC.

40. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-two (22) above.

41. During the relevant period of time, Plaintiff regularly worked special events for US Parking.

42. Notwithstanding, US Parking routinely failed/refused to pay to Plaintiff for the hours worked at the proper rate of pay.

43. US Parking was unjustly enriched by the Plaintiff's work that he performed on its behalf without proper compensation

44. US Parking is obligated to pay Plaintiff's wages and attorney's fees pursuant to Fla.

Stat. § 448.08.

### COUNT IV-
### MINIMUM WAGE VIOLATION (PROMPT PAYMENT)
### U.S. PARKING, INC.

45. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-two (22) above.

46. The FLSA as well as the Florida minimum wage law requires that US Parking pay Plaintiff a required minimum wage per hour, 29 U.S.C. § 203(m); F.S. § 448.10. The FLSA and Florida Minimum Wage laws require that US Parking, have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period. The failure to "promptly pay" minimum wages due to Plaintiff constitutes a minimum wage violation under the FLSA. *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir. 1985), modified 77 F.2d 265 (11th Cir. 1985); see also *Biggs v. Wilson*, 1 F.3d 1537, 1530-40 (9th Cir. 1993).

47. US Parking knew of and showed reckless disregard for the provisions of the FLSA because US Parking knew or should have known Plaintiff's work schedule and the amount of hours Plaintiff worked per week, the work Plaintiff performed and US Parking's obligation to pay minimum wages to Plaintiff and that US Parking's payments fell below the required minimum wage rates.

48. US Parking willfully and intentionally failed to pay Plaintiff and those similarly-situated employees their full minimum wages by making the conscious decision to pay Plaintiff an amount which failed to compensate Plaintiff at the applicable minimum wage wages for all of Plaintiff's hours worked per week.

49. US Parking's failure to have a regular pay period and/or make prompt payments

constituted a minimum wage violation. Thus, Plaintiff is entitled to liquidated damages at the rate of minimum wage for all hours that were not timely paid on the date his wages were due.

50. US Parking did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

### COUNT V
### MINIMUM WAGE VIOLATION
### (PROMPT PAYMENT) AGAINST JOSEPH PADOVANO

51. Plaintiff re-alleges the allegations contained in paragraphs one (1) through twenty-two (22) above.

52. The FLSA as well as the Florida minimum wage law requires that Padovano pay Plaintiff a required minimum wage per hour, 29 U.S.C. § 203(m); F.S. § 448.10. The FLSA and Florida Minimum Wage laws require that Padovano, have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period. The failure to "promptly pay" minimum wages due to Plaintiff constitutes a minimum wage violation under the FLSA. *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir. 1985), modified 77 F.2d 265 (11th Cir. 1985); see also *Biggs v. Wilson*, 1 F.3d 1537, 1530-40 (9th Cir. 1993).

53. Padovano knew of and showed reckless disregard for the provisions of the FLSA because Padovano knew or should have known Plaintiff's work schedule and the amount of hours Plaintiff worked per week, the work Plaintiff performed and Padovano's obligation to pay minimum wages to Plaintiff and that Padovano's payments feel below the required minimum wage rates.

54. Padovano willfully and intentionally failed to pay Plaintiff and those similarly-

situated employees their full minimum wages by making the conscious decision to pay Plaintiff an amount which failed to compensate Plaintiff at the applicable minimum wage rages for all of Plaintiff's hours worked per week.

55. Padovano's failure to have a regular pay period and/or make prompt payments constituted a minimum wage violation. Thus, Plaintiff is entitled to liquidated damages at the rate of minimum wage for all hours that were not timely paid on the date his wages were due.

56. Padovano did not have a reasonable objective belief that he was not required to pay Plaintiff's minimum wages.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

57. Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, William Gonzalez, respectfully requests that judgment be entered in his favor against Defendants, U.S. Parking, Inc., U.S. Parking Services, Inc., U.S. Parking & Associates, Inc., U.S. Parking Limited Inc., U.S. Parking Systems, Inc., U.S. Parking Consultants, Inc., and Joseph Padovano, as follows:

(a) Declaring pursuant to 28 U.S.C §2201 and §2202, that the acts and practices of the Defendants complained of herein are in violation of the overtime wage provisions of the FLSA;

(b) Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of the overtime wage provisions of the FLSA;

(c) Awarding Plaintiff damages against Defendants, for lost and withheld compensation, and overtime compensation for all hours that he worked for Defendants over forty (40) hours per week, but for which he was not compensated at the required overtime rate;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b); and Section 448.08, of the Florida Statutes.

(f) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 6th day of January, 2016.

By: /s/ Monica Espino
Florida Bar No. 834491

ESPINO LAW
Attorney for Plaintiff
2100 Coral Way, Suite 300
Miami, Florida 33145
Telephone:   (305) 704-3172
Facsimile:    (305) 722-7378
E-mail:    me@espino-law.com